UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal File No. 19-175 SRN |
| Plaintiff, ) | |
| ) | **INFORMATION** |
| v. ) | |
| ) | |
| RICHARD PETER HENTGES, ) | 26 U.S.C. § 7206(2) |
| ) | |
| Defendant. ) | |

THE UNITED STATES ATTORNEY CHARGES THAT:

### Background

1.  Beginning in approximately 2001 and continuing until June 5, 2014, the defendant, RICHARD PETER HENTGES ("HENTGES"), served as the Chief Financial Officer ("CFO") of Duplication Factory, a Minnesota company. Duplication Factory's business included replicating CDs and DVDs and designing and printing custom product packaging. HENTGES also owned between 16 and 32 percent of the company during all times relevant to this Information.

2.  As the CFO, HENTGES was responsible for all aspects of Duplication Factory's operations and finances, including ensuring that the company met its state and federal tax obligations. Among them, HENTGES was responsible for all payroll taxes including withholding federal taxes and Social Security and Medicare contributions from employee pay, paying withheld amounts to the Internal Revenue Service, filing true and correct forms to reflect the withholding and payment of payroll taxes, and paying the employer's portion of Social Security and Medicare contributions. Employers must report these withholdings at least quarterly on Internal Revenue Service Form 941.

SCANNED
JUL 0 1 20
U.S. DISTRICT COURT MPLS

3. HENTGES earned a bachelor's degree in accounting in 1990, and for the next 20 years he held positions in which he was responsible for preparing financial statements for his employer, including serving as the Controller for two different companies between 1993 and 2001, when he joined Duplication Factory. Additionally, since the mid-1990s HENTGES has worked as a tax preparer for between two and 20 individuals and small businesses per year. Based on his education and experience, HENTGES understood he was personally responsible for ensuring the true, accurate, and timely payment over to the Internal Revenue Service of all payroll taxes and the filing of true and accurate Forms 941 for Duplication Factory.

4. HENTGES hired Paychex, Inc., to perform all payroll duties for Duplication Factory, which included processing payroll payments and preparing and filing quarterly Forms 941. HENTGES was responsible for providing Paychex with accurate information so that it could perform its duties. HENTGES' duties included reviewing and authorizing the Forms 941 filed by Paychex.

5. In the second quarter of 2013, HENTGES began issuing manual paychecks to certain Duplication Factory employees, while the majority of employees continued to get their paychecks through the automated Paychex payroll system. HENTGES continued issuing manual paychecks to certain employees until the second quarter of 2014. HENTGES did not inform Paychex of the manual paychecks he was writing. As a result, when it prepared and filed the Forms 941 on behalf of Duplication Factory, Paychex did not report the wages from the manual payroll checks, and the payroll taxes that were withheld from those checks were never remitted to the IRS.

6. HENTGES willfully failed to pay over payroll taxes for the manually paid employees, and he deliberately did not report their wages or withholdings on Forms 941. All Forms 941 filed by Duplication Factory between the second quarter of 2013 and the second quarter of 2014 were false because they failed to report Duplication Factory's true payroll.

## COUNT 1
### (Aiding and Assisting the Filing of a False Tax Return)

7. Paragraphs 1-6 above are realleged and incorporated by reference.

8. On or about July 31, 2013, in the State and District of Minnesota, the defendant,

**RICHARD PETER HENTGES,**

knowingly and willfully aided and assisted in, and procured, counseled, and advised, the preparation and presentation to the Internal Revenue Service of the United States, of the second quarter 2013 Form 941 federal tax return for Duplication Factory, which was fraudulent and false as to a material matter in that it understated the amount of employee wages, employment tax withheld, and employment tax owed, all in violation of Title 26, United States Code, Section 7206(2).

Respectfully submitted,

ERICA H. MACDONALD
United States Attorney

Dated: July 1, 2019

BY: AMBER M. BRENNAN
Assistant U.S. Attorney
Attorney ID No. 285961